NEW JERSEY MISCELLANEOUS REPORTS. 751

N. J. Dept. Labor—Beilig, Jr., v. Mills & Brown.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PAUL W. BEILIG, JR., PETITIONER, v. MILLS & BROWN,
RESPONDENT.

**Lead Poisoning Alleged—Employee Suffered an Illness Not,
However, Clearly Identified as Lead Poisoning—No Notice
of an Injury as the Result of an Occupational Disease Given
Respondent—Case Dismissed.**

On findings of fact and determination and rule for judgment.

For the petitioner, *Howe & Davis.*

For the respondent, *McDermott, Enright & Carpenter.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

A petition was filed by Paul W. Beilig, Jr., on or about August 7th, 1926, praying for compensation and alleging that he suffered from lead and sewer gas poisoning, which occurred on September 16th, 1925, and that he was still under medical care.

An answer was subsequently filed by the attorneys for the respondent in which it was alleged that the petitioner did not suffer any accident but that he was simply reported sick and that more than five months after he last worked for the respondent, he claimed that he contracted lead poisoning and requested compensation. It is alleged in the answer that the respondent did not have actual knowledge that the petitioner contracted an occupational disease and that the respondent never received notice that the petitioner contracted any such disease within five months from the time the employe ceased to be subject to any exposure; that there was no accident and that the petitioner did not suffer from any occupational disease.

Mr. Beilig testified that he was employed by Mills & Brown as a plumber's helper, and had been employed by the respondents since November 1st, 1921; that on September 28th, 1925, he was taken ill, returned to his home and has not been back to work since that date. The testimony shows that previous to that and on September 16th, 1925, he was taken ill and treated by Dr. Blakely at his office and recovered from that illness. He worked continuously from September 16th to September 28th. On September 28th, he claims to have been taken very ill and testified that he went to bed immediately after he arrived home. He testified that he had been working, taking out old ground pipes and had also been working with lead and white lead in roughing work. In all of his testimony there is no evidence that the employer during the continuance of employment had actual knowledge that the employe contracted a compensable occupational disease, and further there was no testimony to show that there was any written notice ever given to the respondent by the petitioner or by any one on his behalf. An investigation made by the insurance company for the respondent was made more than five months after the employment terminated and could not be constituted a waiver of any statutory requirement as to notice.

I have also reviewed carefully the testimony of Dr. Blakely, who was called to testify and who treated the petitioner, and I doubt very much whether the petitioner was really suffering from lead poisoning.

I, therefore, find that judgment should be entered on this petition in favor of the respondent.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*